UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRE SMITH,

        Plaintiff,

v.

DENTIST DR. RAYMONG HAAG, et al.,

        Defendants.

DECISION & ORDER

08-CV-6360CJS

---

        The above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 15).

        *Pro se* plaintiff Andre Smith ("Smith") has filed this lawsuit alleging that various employees of the New York State Department of Correctional Services ("DOCS") violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical and dental needs during his incarceration at the Southport and Attica correctional facilities. (Docket # 1). Currently pending before this Court are motions by Smith for leave to file a supplemental complaint (Docket # 17) and to compel discovery responses from defendants (Docket ## 41, 44).

## I. Motion to File a Supplemental Complaint

        Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Similarly,

Rule 15(d) permits the court, upon motion of a party, to allow the filing of a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Supplemental relief "may include the addition of new defendants and new claims, if adequately related to the originally stated claims." *McLean v. Scully*, 1991 WL 274327, *1 (S.D.N.Y. 1991). *See Carter v. Atruz*, 1998 WL 782022, *2 (S.D.N.Y. 1998) (purpose of Rule 15(a) is to permit assertion of matters that were "either overlooked or unknown" at time of original pleading; purpose of Rule 15(d) is to enable a party to set forth in a supplemental pleading events that "have happened since the date of original pleading").

If the supplemental claim is filed before the applicable statute of limitations has expired, as in this case, the applicable standard under both Rule 15(a) and Rule 15(d) is the same. *See Gittens v. Sullivan*, 670 F. Supp. 119, 123-24 (S.D.N.Y. 1987) ("[t]he standard for the exercise of discretion on a motion to supplement the pleading is the same as that for disposition of a motion to amend . . . , which should be liberally granted"), *aff'd*, 848 F.2d 389 (2d Cir. 1988). Thus, under either rule, if the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be allowed to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave

sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15, "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). To survive dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570 (2007)).

Smith's pending complaint in this action alleges that for a period of fourteen months, defendants have denied him dental care, such as fillings and a root canal, causing the loss of a tooth. (Docket # 1). Smith asserts that defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to be free from retaliation for filing grievances. (*Id.*). In addition, Smith alleges that defendants retaliated against him by denying him proper medical care for a skin rash. (*Id.*).

Through the pending motion, Smith seeks to supplement his complaint to include allegations that he has lost another tooth as a result of defendants' inadequate and indifferent dental care, and that defendant Dr. Raymond Haag has refused to provide him with dentures, directly in retaliation for the plaintiff's filing of grievances. (Docket # 17). Smith further requests leave to add allegations that defendants have continued to retaliate against him by denying him physical therapy to treat muscle spasms in his back. (*Id*.).

As stated above, the purpose of a supplemental complaint is to allow the inclusion of new claims arising since the date of the original pleading, provided that the new claims are "adequately related to the originally stated claims." *McLean v. Scully*, 1991 WL 274327 at *1. Here, both the pending complaint and Smith's proposed claims allege the same legal claims – a First Amendment retaliation claim, an Eighth Amendment deliberate indifference claim and a Fourteenth Amendment equal protection claim. (Docket ## 1, 17).

Smith's First Amendment supplemental claim alleges, just as his pending complaint does, that defendants Haag and Gorg retaliated against him for filing grievances against them by denying him proper dental care and medical care, respectively. Smith's Eighth Amendment supplemental claim alleges, just as his pending complaint does, that all of the defendants have acted with deliberate indifference to his serious medical and dental needs, resulting in the loss and decay of some of Smith's teeth. Finally, Smith's Fourteenth Amendment supplemental claim alleges, just as his pending complaint does, that defendant Haag treated Smith differently from prisoners who did not file grievances against him by denying Smith adequate dental care. This last claim also seeks to add Gorg as a defendant on the same

basis – that she treated Smith differently from other prisoners who did not file grievances against her by denying him adequate medical treatment.

In view of the above-cited authority, I determine that the proposed claims Smith seeks to include are sufficiently related to those in his pending complaint to justify inclusion in this lawsuit through a supplemental complaint. I also find that the addition of Gorg as a defendant to Smith's equal protection claim is appropriate considering that it is closely related to claims already pending against her, as well as the supplemental First Amendment claim.

Defendants challenge the legal merits of the claims to be included in plaintiff's supplemental complaint. (Docket # 21). Such a challenge is premature because the claims, as stated, are not obviously deficient. In addition, Smith's supplemental claims are virtually identical to those in the pending complaint, which were subjected to initial review by the district court and found to satisfy the criteria of 28 U.S.C. §§ 1915(e) and 1915A. (*See* Docket # 4). On this record, I find that Smith should be permitted to supplement his complaint.

## II. Motions to Compel

Smith has filed two motions to compel, the first for responses to document requests and the second for answers to his second set of interrogatories. (Docket ## 41, 44). Each one is addressed more fully below.

### A. Smith's Document Requests

**1. Requests 5, 6 and 7**: In these requests, Smith seeks "any and all grievances, complaints or other documents" placed in the personnel files of (a) defendants Haag, Alchimowicz and Hayth concerning each defendant's dental treatment of inmates at Southport,

and (b) defendants Jilson, Gorg and Weed concerning each defendant's medical treatment of inmates at Southport. (Docket # 41). Defendants oppose these requests on the grounds that they seek irrelevant, confidential personnel files. (Docket # 52 at ¶ 9).

      **2. Requests 8 and 9:** Request No. 8 seeks a daily appointment book (DOCS Form "HS-14") listing "each patient by name and number" who was treated by defendants Haag, Alchimowicz and Hayth between May 11, 2007 and July 28, 2008. Request No. 9 seeks the "Southport Correctional Facility dental monthly summary form" (DOCS Form "HS-15") for the same period. Defendants object to these two requests on the grounds that they seek irrelevant information and confidential medical records of other inmates. (Docket # 52 at ¶ 9).

      Courts have wide discretion to manage discovery. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). Discovery under the Federal Rules of Civil Procedure is broad in scope, requiring only that the information sought be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery of admissible evidence"); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988) (term "reasonably calculated" in Rule 26(b)(1) means "any possibility that the information sought may be relevant" to a party's claim or defense) (internal quotations omitted).

      Taking the latter requests first, Smith has not argued, let alone demonstrated, how either the an appointment book listing patients treated by certain of the defendants or the dental

summary is relevant to his claims, which challenge the dental treatment that he received at Southport. Thus, I deny Smith's request to compel responses to Requests Nos. 8 and 9. As to Requests Nos. 5, 6 and 7, by contrast, I find that they generally seek information which may lead to the discovery of admissible evidence, although the absence of any temporal limitation renders them overbroad. Accordingly, I grant Smith's motion to compel defendants to produce any responsive documents contained in their personnel files, provided those documents relate to the period of 2007 to the present.

### B. Smith's Second Set of Interrogatories

During a status conference between the parties on March 12, 2009, Smith requested permission to serve fifty interrogatories. I advised Smith that I was inclined to permit him to serve more than the otherwise applicable limit of twenty-five, but that defendants would be allowed to assert objections to particular interrogatories. Smith's first set of interrogatories, dated March 30, 2009, contained twenty-one questions, and defendants responded to all of them. (Docket # 37). On May 8, 2009, Smith served a second set of interrogatories containing twelve additional questions. (Docket # 44). Defendants have objected to the second set of interrogatories on the basis that they exceed the limit of twenty-five and are duplicative because they "request information that has previously been provided or can be readily discerned in the records previously provided." (Docket # 52 at ¶ 10).

Although Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve no more than twenty-five interrogatories, it also affords the district court discretion to permit a party to serve additional interrogatories "to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1). Rule 26(b)(2) requires the court to limit discovery that is "unreasonably

cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

After reviewing Smith's second set of interrogatories, I direct defendants to respond to Interrogatories Nos. 2, 3 and 4 within thirty days of the date of this order. I find that these interrogatories seek relevant information and are not duplicative of those already answered. The overwhelming majority of the remaining Interrogatories (Nos. 1, 6-12), however, are cumulative because they seek information presumably contained in Smith's medical and dental records.[1] For example, Interrogatory No. 11 asks "who addressed the plaintiff's dental concerns during sick call rounds on March 31st, 2008, according to plaintiff's medical records"; likewise, Interrogatory No. 12 asks "who addressed the plaintiff's dental concerns during sick call rounds on June 30, 2008, July 7, 2008 and July 10, 2008 according to the plaintiff's medical records." (Docket # 44 at ¶¶ 11, 12). Finally, Interrogatory No. 5 ("state how much of a person's tooth is located inside the gums") is too vague to compel defendants to answer. Smith should not be permitted to exploit discovery in order to compel defendants to compile information from records which Smith has been provided and can review as easily as defendants.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to file a supplemental complaint **(Docket # 17)** is **GRANTED**, and plaintiff's motions to compel **(Docket ## 41, 44)** are **GRANTED IN PART and DENIED IN PART**. The Clerk of the Court is hereby directed

---

[1] Defendants filed under seal substantial portions of Smith's medical and dental records as part of their initial disclosures pursuant to Federal Rule of Civil Procedure 26. (Docket # 38).

to file plaintiff's proposed supplemental complaint (**Docket # 17**) as the Supplemental Complaint in this case. Defendants shall answer or move to dismiss the Supplemental Complaint within twenty days.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                 MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
       September  22 , 2009